Filed 11/19/25  Conservatorship of C.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| Conservatorship of the Person and Estate of C.S. | C103485 |
| TEHAMA COUNTY PUBLIC GUARDIAN,<br><br>Petitioner and Respondent,<br><br>v.<br><br>C.S.,<br><br>Objector and Appellant. | (Super. Ct. No. 24PR000115) |

Appellant C.S. appeals from the trial court's order denying her request to terminate her conservatorship under the Lanterman-Petris-Short Act (LPS) (Welf. & Inst. Code, § 5000 et seq.).[1]  Appointed counsel for C.S. filed an opening brief pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  The brief sets forth the facts

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

and applicable law and asks this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues. We exercise our discretion to independently review the record. Finding no arguable error that would result in a disposition more favorable to C.S., we affirm the trial court's order.

BACKGROUND

On March 13, 2025, C.S. requested a contested review hearing under section 5364 to assess whether her conservatorship should be terminated. At the hearing, C.S. called Dr. Heather O'Connell as a witness. Dr. O'Connell had recently evaluated C.S. and reviewed her medical records. Dr. O'Connell did not believe C.S. was ready for the conservatorship to terminate, even though her mental health diagnosis had changed. Dr. O'Connell opined that C.S.'s plan to provide for her basic needs such as food, clothing, and shelter was not viable.

C.S. also testified. C.S. stated that she disagreed with her diagnosis and asked to go home.

The trial court denied C.S.'s request under section 5364, concluding that she remained gravely disabled, was unable to care for herself, and was in the proper placement.

C.S. timely appealed.

DISCUSSION

In *Wende*, our state Supreme Court held that, when appointed counsel in a criminal appeal submits a brief raising no specific issues or describing the appeal as frivolous, the Court of Appeal must conduct a review of the entire record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.) This procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Ben C.*, our state high court held that neither the federal nor California constitution requires *Wende* procedures in an appeal from the imposition of a

2

conservatorship under the LPS Act.  (*Ben C.*, *supra*, 40 Cal.4th at pp. 535-536.)  Rather, when appointed counsel files a brief that sets out the applicable facts and the law and informs the court that counsel has found no arguable issues and the conservatee has been "provided a copy of the brief and informed of the right to file a supplemental brief," the Court of Appeal may dismiss the appeal.  (*Id.* at p. 544 & fns. 6, 8.)  The appellate court may, however, "find it appropriate to retain the appeal."  (*Id.* at p. 544, fn. 7.)

In this case, appellate counsel filed an opening brief pursuant to *Ben C.*, served C.S. with a copy of the brief, and informed her of the right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have passed, and C.S. has not filed a supplemental brief.  Citing *Ben C.*, counsel argues that this court has an independent obligation to inform C.S. of her right to file a supplemental brief.  We do not discern such an obligation in the procedures our state high court prescribed in that decision.  (*Ben C.*, *supra*, 40 Cal.4th at p. 544 & fn. 6.)

We elect to retain the appeal and have exercised our discretion to conduct an examination of the entire record.  Having done so, we find no arguable error that would result in a disposition more favorable to C.S.

DISPOSITION

The trial court's order is affirmed.

/s/<br>
FEINBERG, J.

We concur:


/s/
DUARTE, Acting P. J.


/s/
BOULWARE EURIE, J.

3